IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELAINE BRUNO | : | CIVIL ACTION |
|    Plaintiff | : | |
| | : | NO. |
|    vs. | : | |
| | : | |
| | : | |
| ASSIGNED CREDIT SOLUTIONS | : | |
|    Defendants | : | JURY TRIAL DEMANDED |
| | : | |

## **COMPLAINT**

1. Jurisdiction for this action is asserted pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq, particularly 15 U.S.C. Section 1692a(6) and 28 U.S.C. Section 1337. All wrongful acts complained of occurred in this judicial district.

2. Plaintiff in this action is Elaine Bruno, who resides at 1005 Landover Drive, Reading, PA 19605.

3. Defendant in this action is Assigned Credit Solutions, with a mailing address of 800 North Kings Highway, Suite 100, Cherry Hill, NJ 08034.

4. It is alleged that at all times relevant Defendant, Assigned Credit Solutions as a "debt collector", the meaning of 15 U.S.C. Section 1692a(6) on behalf of "MBNA".

5. That to the best of Plaintiff's knowledge information and belief, that no correspondence has been sent to her concerning the alleged debt and that all contacts which she has had with Defendant has been telephone calls as well as the illegal note posted on her door as more fully explained herein.

6. The first contact that Plaintiff had from Defendant was a note taped to her door with David Gunn's name, telephone number and claim number on it. This note, which is attached as Exhibit "A", was left by a neighbor who had been contacted by David Gunn, a collection employee of Defendant, which neighbor was following the instructions of David Gunn.

7. David Gunn also contacted on July 15, 2008, Plaintiff's home and spoke with Mary Bruno who is Plaintiff's mother about the alleged debt. Mary Bruno made it clear to David Gunn that she was not Elaine Bruno but David Gunn refused to accept that Mary Bruno was not Elaine Bruno and David Gunn told Mary Bruno that she was lying and that she "should grow up and pay her bills." Mary Bruno again stated she was not Elaine Bruno at which point David Gunn became even nastier and more sarcastic.

8. Plaintiff states that her daughter, Elaine DeAngelo, had come home from work, she found the note attached as Exhibit "A" on the door and found her mother and grandmother in great distress over the threatening and abusive contacts by David Gunn.

9. That Elaine DeAngelo contacted Defendant and spoke with Christopher Bradbury who discussed Plaintiff's account with Elaine DeAngelo but did not give her the "mini-miranda" warning required by §1692e(11) of the Act.

10. Based on the facts stated above, it is alleged that Defendant has violated USC Section 1692c in that Defendants have contacted Plaintiff's mother, daughter, neighbor and other persons concerning the alleged debt and have publicized the alleged debt in violation of the Act.

11. That Defendant has violated Sections 1692g and 1692e(11) of the Act by failing to provide the notices required by the Act to Plaintiff or other persons contacted for the purpose of collecting the alleged debt.

12. That Defendant has violated Section 1692e of the Act by threatening or implicitly threatening legal action against Plaintiff when such action is not ntended to be taken by Defendant.

13. That Defendant has violated Section 1692d of the Act by contacting family members and neighbors and publicizing the alleged debt with the intention of embarrassing Plaintiff and otherwise humiliating her.

14. That Plaintiff has had to retain counsel and incur legal costs because of the violations of law and her rights stated above.

15. That the above violations and unlawful conduct of Defendant have caused Plaintiff great emotional distress and anxiety for which damages are sought from Defendant.

16. That Plaintiff's attorney has written to Defendant complaining of the violations and demanding copies of any correspondence sent to Plaintiff by Defendant but not received by her. A true and correct copy of this letter of August 6, 2008, which is attached as Exhibit "B" and incorporated herein by reference.

17. That Defendant duly received the letter of Plaintiff's counsel but has failed, refused and neglected to provide copies of any correspondence allegedly sent by Defendant to Plaintiff.

WHEREFORE, Plaintiff requests that this Court enter judgment on her behalf and against Defendant and issue an Order:

(a) Awarding her statutory damages in the amount of One Thousand Dollars ($1,000.00) for violation of the Act;

(b) Award her general damages for mental anguish, and to compensate her for the harassment and intimidation of Defendant directed at her in an amount in excess of Ten Thousand Dollars ($10,000.00);

(c) Award her the costs of this litigation, including a reasonable attorney's fee for hours reasonably expended by her attorney in vindicating her rights under the Fair Debt Collection Practices Act;

(d) Award her such other relief as may be necessary and proper to secure her rights under the Fair Debt Collection Practices Act.

_____
JOHN SHNIPER, ESQUIRE
Attorney for Plaintiff, Elaine Bruno



Validation Signature Code: JS2256
JOHN SHNIPER, ESQUIRE